UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

PATRICIA BORDEN-VALENTIN,

                              Plaintiff,

        – against –

ARLINGTON ABSTRACT, INC.,

                              Defendant.

-------------------------------------------------------------------

**ROBINSON**

**COMPLAINT**

**06 CIV. 3408**

**JURY TRIAL
DEMANDED**

Plaintiff, Patricia Borden-Valentin, by and through her attorneys, Gleason, Dunn,

Walsh & O'Shea, and for her Complaint, respectfully alleges as follows:

## INTRODUCTION

1.      This is an action to recover benefits and for damages under the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 USC §1001 et seq., and for

breach of contract.

## JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to 28 USC §1331 and 29

USC §1161(a).

3.      Plaintiff demands a jury trial in this action.

4.      The venue for this action is set in the Southern District of New York based

on the location of the residence of the plaintiff in Dutchess County, State of New York,

and the location of the office and principal place of business of the defendant in Dutchess

County, State of New York.

5.    Plaintiff asserts that the claim for breach of contract arises from the same set of facts and circumstances as are claimed under 29 USC §1161(a).  Thus, jurisdiction as to this claim is invoked pursuant to the doctrine of pendent jurisdiction.

## PARTIES

6.    Plaintiff, Patricia Borden-Valentin ("Plaintiff" or "Ms. Borden-Valentin") is a resident of Wappingers Falls, New York.  At all relevant times, Ms. Borden-Valentin was employed by Arlington Abstract, Inc.  Her last day of employment with Arlington Abstract, Inc. was April 26, 2005.

7.    Defendant Arlington Abstract, Inc. ("Defendant" or "Arlington Abstract") is a domestic business corporation organized under the laws of the State of New York and/or authorized to do business in New York.

8.    On information and belief, Arlington Abstract has, at all relevant times, employed more than 20 employees.

## FACTS

9.    Ms. Borden-Valentin was employed by Arlington Abstract from October 2003 to April 26, 2005 when she resigned or was terminated.

10.    Ms. Borden-Valentin left Arlington Abstract to work for a competitor.

11.    As a term and condition of employment, at all relevant times, Arlington Abstract offered its employees the benefit of health insurance through MVP Health Care ("MVP") called "MVP HMO 20+" at a cost to the employee each month equaling

$153.73 (the "Health Insurance Plan"). A copy of the Health Insurance Plan and evidence of Ms. Borden-Valentin's share of the premium for the Health Insurance Plan is attached as **Exhibit A**.

12. As a term and condition of employment, at all relevant times, Arlington Abstract offered its employees the benefit of dental insurance through MVP called "Arlington Abstract, Llc – Dental" at a cost to the employee each month equaling $26.87 (the "Dental Insurance Plan"). A copy of the Certificate of Group Plan Coverage and evidence of Ms. Borden-Valentin's share of the premium for the Dental Insurance Plan is attached as **Exhibit B**.

13. The Health Insurance Plan was administered by MVP, and the Dental Insurance Plan was administered by Upstate Medical.

14. Arlington Abstract is a "plan sponsor" as that term is defined in 29 USC §1002 because it contracted with MVP to provide its employees with health insurance and dental insurance.

15. The Health Insurance Plan through MVP provided by Arlington Abstract is a "group health plan," as that term is defined in 29 USC §1167, subject to post-employment coverage by Ms. Borden-Valentin because it is an "employee welfare benefit plan".

16. The Health Insurance Plan through MVP provided by Arlington Abstract is an "employee welfare benefit plan" as that term is defined in 29 USC §1002 because it is "maintained by [Arlington Abstract]…[and]…established…for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise,

3

... medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, ... or disability...."

17.    The Dental Insurance Plan through MVP provided by Arlington Abstract is a "group health plan," as that term is defined in 29 USC §1167, subject to post-employment coverage by Ms. Borden-Valentin because it is an "employee welfare benefit plan".

18.    The Dental Insurance Plan through MVP provided by Arlington Abstract is an "employee welfare benefit plan" as that term is defined in 29 USC §1002 because it is "maintained by [Arlington Abstract]...[and]...established...for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, ... medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, ... or disability...".

19.    Upon information and belief, and at all relevant times, Arlington Abstract offered its employees the option to enroll in either the Health Insurance Plan or the Dental Insurance Plan or both.

20.    While employed by Arlington Abstract, Ms. Borden-Valentin enrolled in both the Health Insurance Plan and the Dental Insurance Plan.

21.    During her employment with Arlington Abstract, Ms. Borden-Valentin received the benefits of both the Health Insurance Plan and the Dental Insurance Plan.

22.    Ms. Borden-Valentin was a qualified beneficiary within the meaning of 29 USC §§1161, 1002(8) and 26 CFR 54.4980B-3 because she received health insurance under the Health Insurance Plan through MVP from Arlington Abstract during her employment.

23.   Ms. Borden-Valentin was a qualified beneficiary within the meaning of 29 USC §§1161, 1002(8) and 26 CFR 54.4980B-3 because she received dental insurance under the Dental Insurance Plan through MVP from Arlington Abstract during her employment.

24.   On April 26, 2005, Ms. Borden-Valentin informed her employer that she would be resigning and that she would need to only continue her dental insurance under the Dental Insurance Plan.

25.   On April 29, 2005, Arlington Abstract sent Ms. Borden-Valentin her final paycheck, an employment separation data sheet, and a COBRA application.

26.   The employment separation data sheet provided that:

[Patricia Borden-Valentin] is eligible to continue her medical coverage under COBRA at her own expense.  The monthly medical premium is $342.79 and the monthly dental premium is $36.40.  In order to continue coverage for either or both, Arlington Abstract, Inc. needs payment from former employee by the first of the month for which coverage applies or coverage discontinues.

A copy of the separation data sheet is attached as **Exhibit C**.

27.   In and about May 2005, Ms. Borden-Valentin hand delivered the COBRA application electing to only continue her dental insurance under the Dental Insurance Plan and a check in the amount of $36.40 to Arlington Abstract as a first payment.  A copy of the completed COBRA application is attached as **Exhibit D**.

28.   Arlington Abstract cashed Ms. Borden-Valentin's check.

29.   In a letter dated June 6, 2005, Nancey E. Walker, President of Arlington Abstract ("Walker"), informed Ms. Borden-Valentin that she would not receive dental

insurance under the Dental Insurance Plan.  A copy of Walker's letter is attached as **Exhibit E**.

30.    Arlington Abstract returned Ms. Borden-Valentin's first payment in the form of a refund check in the amount of $36.40 (See, Exhibit E).

31.    Walker was advised by a representative at the Department of Labor that Arlington Abstract was required to provide Ms. Borden-Valentin dental insurance under the Dental Insurance Plan and that failing to do so was illegal.

32.    Walker was advised by letter from the attorneys for Ms. Borden-Valentin that the law required that Arlington Abstract allow Ms. Borden-Valentin to continue her dental insurance under the Dental Insurance Plan and that failing to do so was illegal.

33.    To date, Arlington Abstract refuses to provide Ms. Borden-Valentin with dental insurance under the Dental Insurance Plan despite repeated demands.

34.    On information and belief, Arlington Abstract refuses to provide Ms. Borden-Valentin with dental insurance under the Dental Insurance Plan because Ms. Borden-Valentin obtained other employment with one of Arlington Abstract's competitors.

### FOR A FIRST CAUSE OF ACTION

35.    Plaintiff repeats the allegations of paragraphs 1 through 34 as if fully set forth here.

36.    Pursuant to 29 USC §§1163(2) and 26 CFR 54.4980B-4, Ms. Borden-Valentin's resignation or termination date was considered a "qualifying event" that triggered defendant's obligation to "offer [her] coverage that is 'identical to the coverage

provided under the [Dental Insurance Plan] to similarly situated beneficiaries under the [Dental Insurance Plan] with respect to whom a qualifying event has not occurred.'"

37.    In accordance with 29 USC §1162 and 26 CFR §54.4980B-2, defendant was required to provide Ms. Borden-Valentin with the option to elect "either the major medical or the [dental benefit] plan or both".

38.    Defendant provided Ms. Borden-Valentin with the option to elect to continue the Dental Insurance Plan only (See, Exhibit C).

39.    Ms. Borden-Valentin elected to continue the Dental Insurance Plan and proffered the required payment.

40.    In accordance with 29 USC §1161, once Ms. Borden-Valentin elected to continue the Dental Insurance Plan and proffered the required payment, defendant was required to provide her with dental insurance.

41.    To date, defendant refuses to provide Ms. Borden-Valentin with dental insurance under the Dental Insurance Plan as required by 29 USC §1161 and 26 CFR §54.4980B-2.

42.    In failing to provide Ms. Borden-Valentin with dental insurance, defendant has violated 29 USC §1161 of ERISA.

43.    Walker is, and has always been, on notice that the denial of Ms. Borden-Valentin's dental insurance under the Dental Insurance Plan is a violation of 29 USC §1161 of ERISA.

## FOR A SECOND CAUSE OF ACTION

44.    Plaintiff repeats the allegations of paragraphs 1 through 43 as if fully set forth here.

45.    On April 29, 2005, Ms. Borden-Valentin entered into a written agreement with the defendant (the "Written Agreement").

46.    Under the Written Agreement, defendant agreed to provide Ms. Borden-Valentin with dental insurance under the Dental Insurance Plan from April 26, 2005 to December 26, 2006, exactly 18 months from the date the qualifying event occurred. (See, Exhibit C).

47.    Under the Written Agreement, and in consideration for dental insurance under the Dental Insurance Plan, Ms. Borden-Valentin agreed to pay defendant a monthly premium in the amount of $36.40 beginning June 1, 2005.

48.    Ms. Borden-Valentin complied with the terms of the Written Agreement by making a payment of $36.40 on May 24, 2005.

49.    Defendant breached the Written Agreement when it refused to provide Ms. Borden-Valentin with dental insurance under the Dental Insurance Plan.

50.    Ms. Borden-Valentin has been damaged in an amount to be determined at trial.

WHEREFORE, plaintiff seeks a judgment:

1)    Directing that plaintiff be allowed to continued dental insurance coverage under the terms of the Dental Insurance Plan;

2)    making plaintiff whole, including an award of plaintiff's damages for all dental bills plus penalties, costs and disbursements incurred by her as a result of the illegal cancellation of insurance coverage;

8

3) providing a $100.00 fine for each day defendant failed to provide plaintiff dental insurance;

4) providing all attorneys' fees, costs and disbursements associated with this claim for relief; and

5) providing such other, further and different relief as to this Court seems just and proper.

DATED: Albany, New York
        May 1, 2006

RONALD G. DUNN, ESQ.
Southern District Bar Roll No. RGD 8518
**GLEASON, DUNN, WALSH & O'SHEA**
Attorneys for Plaintiff
40 Beaver Street
Albany, New York 12207
(518) 432-7511

**New York**



# MVP HMO 20+

| SERVICES RENDERED | COPAY |
|---|---|
| **Physician Services** | |
| **Office Visits** | |
| Well Baby and Child Care | No Charge |
| Periodic Physicals, Gynecological Exams | $20 Copay/Office Visit |
| Vision Exams Every 2 Years, Surgery | $20 Copay/Office Visit |
| Laboratory Services | No Charge |
| Second Surgical Opinions (Not Required) | $20 Copay/Office Visit |
| Pap Tests, X-Ray Services | $20 Copay/Office Visit |
| **Hospital Services** | |
| Surgery | No Charge |
| Anesthesiology | No Charge |
| Radiology | No Charge |
| Visits/Consultations | No Charge |
| **Hospital** | |
| Hospital Inpatient | No Charge |
| Hospital Outpatient—Surgery | $20 Copay/Visit |
| Hospital Outpatient—Lab & X-Ray | No Charge |
| Hospital Outpatient—Therapeutic Services | $20 Copay/Visit |
| **Maternity** | |
| Physician Services | No Charge |
| Hospital Services | No Charge |
| Nursery Care | No Charge |
| **Emergency Hospital Care** | |
| In-Area (Copay Waived when Followed by Hospitalization) | $50 Copay/Visit |
| Out-of-Area | No Charge |
| **Ambulance** | No Charge |
| **Preventive Dental Care For Kids** | |
| (Please Check with Your Employer to Find Out if Your Plan Includes This Benefit)* | |
| Periodic Exams and X-Rays to Age 19 | $10 Copay/Office Visit |
| **Chiropractic Benefit** | |
| Requires PCP Prescription | $20 Copay/Office Visit |
| **Durable Medical Equipment** | 20% Copay |
| **Mental Health** (Short Term, Acute or Crisis Intervention) | |
| Inpatient—30-Day Maximum | No Charge |
| Inpatient Physician—20 Visit Maximum | 50% or $50 Copay**/Visit |
| Outpatient—20 Visit Maximum | $20 Copay/1st Office Visit, |
|  | $30 Copay/2nd-5th Office Visit, |
|  | 50% or $50 Copay**/6th-20th Office Visit |
| **Substance Abuse Diagnosis & Treatment** | |
| Detoxification | No Charge |
| Rehabilitation Outpatient—60 Visit Maximum | $20 Copay/Office Visit |
| **Physical Therapy** | |
| Requires PCP Prescription | |
| Short Term Only—2 Month Maximum | $20 Copay/Office Visit |
| **Home Health Care** | $20 Copay/Visit |
| **Lifetime Maximum Coverage** | No Maximums |

*This benefit is offered through MVP Health Plan, Inc. as part of the fully-insured, community-rated HMO product only and thus may not be available to employees of companies who offer other MVP options or who offer other dental plans and is not available to MVP CompCare members. Please call MVP Marketing at **1-800-TALK-MVP** if you have questions.
**Whichever is less.
Exclusions: Services by non-participating providers (unless emergency or authorized by MVP), custodial care, employment or insurance physicals, personal comfort items, experimental procedures, cosmetic surgery, reversal of voluntary sterilization, eye glasses/contact lenses, routine foot care, dental care for adults and TMJ. Benefits are covered when delivered, arranged or authorized by a member's Primary Care Physician. Services provided by non-participating physicians are not covered unless determined to be medically necessary by, and arranged by, an MVP physician and the Medical Director. This chart is intended to provide a general outline of MVP coverage. In the event of any conflict between this document and your Group or Subscriber Contract and any pertinent rider(s), your contract and riders will be controlling. Benefits may vary by state. For details, call **1-800-TALK-MVP**.

*Continued on Back*

## Here's How It Works

### You choose a Primary Care Physician

You must choose a Primary Care Physician from our extensive network for you and each covered member of your family. Your current doctor is probably on our list of thousands of participating physicians. Go to joinMVP.com to try a Doctor Search now or call **1-888-MVP-MBRS**.

### Your Primary Care Physician coordinates all your health care

For regular check-ups...ordering prescriptions...if you are sick...or when you need a referral to see a specialist, you will always first see your Primary Care Physician – the doctor who knows you and your medical history.

### You need a referral to see a participating specialist

MVP's network includes physicians from nearly every medical specialty. You must first get a referral from your Primary Care Physician to see a participating specialist.

## Features and Benefits

### Basics

- *Thousands of doctors* to choose from
- *No claim forms or deductibles* – just a low, fixed copay
- A high rating for quality from the *National Committee for Quality Assurance*

### Benefits

- *Comprehensive* preventive and sick care for adults
- *Worldwide emergency coverage*
- *Free preventive care* including free routine immunizations, for children to age 19
- *Preventive Dental Care for Kids to Age 19* – Covered check-ups, X-Rays, cleanings, fluoride treatments and sealants (Please Check with Your Employer to Find Out if Your Plan Includes This Benefit)*
- *Covered eye exams* every two years for all members
- *Complete hospital coverage* – no day or dollar limits
- *Free mammograms*

### Better Service

- Calls answered – *by a real person* – in seconds
- *MVP After Hours* – reach our *Member Services Department* every day through midnight **(1-888-MVP-MBRS)**
- The region's *most advanced health plan Web site* – featuring many convenient services – mvphealthcare.com
- *Mail Order Pharmacy*\*\*saves you time and money

### And Beyond!

- Exclusive *member discounts* on health and safety items, health clubs and beyond
- A variety of *special education programs* for expectant mothers and families

*...and more!*

*This benefit is offered through MVP Health Plan, Inc. as part of the fully-insured, community-rated HMO product only and thus may not be available to employees of companies who offer other MVP options or who offer other dental plans and is not available to MVP CompCare members. Please call MVP Marketing at 1-800-TALK-MVP if you have questions.
**Available with MVP Prescription Rider.

Employee: *Patty Borden Valentin*

Current Coverage: _Single_ Medical    @  $ _307.46_ p/month

_"_  Dental    @  $ _26.87_ p/month

Total Monthly Premium                    _334.33_

Employer's contribution ( _½ med._ )      _153.73_

Current Cost  to *Employee*              _180.60_

New coverage    _Single_ Medical    @ $ _342.79_    p/month

_"_  Dental    @ $ _36.40_    p/month

Total New Premium                        _379.19_

Employer's Contribution at same rate      _171.40_

Future Cost to . *Employee .*             _207.79_

_1/19/05_                *Patricia Longbard, Bookkeeper*
                         *Arlington Abstract, Inc.*

                         *To Employee    27.19*

*Increases*
*p/mo*                   *To Employer    17.67*



Patricia A Borden-valentin
17 Blackthorn Loop
Wappingers Falls, NY 12590

## Certificate of Group Plan Coverage

**IMPORTANT** - This certificate provides evidence of your prior coverage. You may need to furnish this certificate if you become eligible under a group plan that excludes coverage for certain medical conditions that you have before you enroll. This certificate may need to be provided if medical advice, diagnosis, care, or treatment was recommended for the condition within the 6-month period prior to your enrollment in the new plan. If you become covered under another group plan check with the plan administrator to see if you need to provide this certificate to buy, for yourself or your family, an insurance policy that does not exclude coverage for medical conditions that are present before you enroll.

1. Date of this certificate: 06/14/2005

2. Name of group plan and type of coverage: Arlington Abstract, Llc - Dental

3. Name of participant: Patricia A Borden-valentin

4. Identification number of participant: 800413094

5. Name of any dependents to whom this certificate applies: Patricia A Borden-valentin

6. Name, address and telephone number of issuer responsible for providing this certificate:

    MVP Health Services Corp.
    PO Box 763
    Schenectady, NY 123041
    1-800-480-5640

7. For further information call: 1-800-480-5640

8. If the individual(s) identified in line 3 and line 5 has at least 18 months of creditable coverage (disregarding periods of coverage before a 63 day break), check here:  and skip lines 9 and 10.

9. Date waiting period or affiliation period (if any) began:

10. Date coverage began: 02/01/2004

11. Date coverage ended: 05/31/2005  (or check if coverage is continuing as of the date of this certificate   )

Note:  separate certificates will be furnished if information is not identical for the participant and each beneficiary.

Employment Separation Personal Time Data                     Date: 4/26/05

Patricia Borden Valentin                          Anniversary Date:   10/8/03

Carried over from 2004                      14     Hours

Earned in 2005:
New Years Day Floating Holiday               7     Hours
Jan. '05                                     7     Hours
Feb. '05                                     7     Hours
March '05                                    7     Hours
April '05                                    7     Hours

Sub total                                   49     Hours

Used in 2005:                                     (23)   Hours
2/9/05   2 hours (one of these hours was
paid back in salary)
2/19/05  3 hours
3/10/05  1 hour
4/1/05   3 hours
4/15/05  7 hours
4/22/05  7 hours

Balance paid out upon separation                 (26)   Hours
THESE HOURS WILL BE PAID OUT IN THE MAY 13,2005 PAYCHECK.

Employee currently has medical and dental coverage with us - her premiums for May coverage
have been collected in full and we will pay her coverage for May unless we hear differently from
her before May 1st.  She is eligible to continue her medical coverage under COBRA at her own
expense.  The monthly medical premium is $ 342.79 and the monthly dental premium is $36.40.
In order to continue coverage for either or both Arlington Abstract, Inc. needs payment from
former employee by the 1st of the month for which coverage applies or coverage discontinues.
Also a COBRA application has to be completed and submitted to us for continued coverage.
Employee has AFLAC coverage with us - again we have collected premium for April coverage
we will pay that unless we hear differently from Patty.   AFLAC agent's card is enclosed you
should contact her directly for continued coverage.

# GROUP HEALTH COVERAGE CONTINUATION UNDER COBRA ELECTION FORM

TO: _PATRICIA LONGBARD_   DATE OF LETTER: _MAY 24, 2005_

DATE OF QUALIFYING EVENT: _APRIL 26 2005_

TYPE OF QUALIFYING EVENT: _TERMINATION_

## HEALTH INSURANCE

I, _PATRICIA A. BORDEN VALENTIN_, have read the attached notice entitled "Continuation of Group ~~Dental~~ Insurance Coverage" and understand that I have the right to elect or reject the option to continue group ~~dental~~ insurance coverage. I am entitled to continue group coverage for _18_ months after the date of the qualifying event, provided I promptly pay the full cost of coverage ($ _36.40_ per month) to _Arlington Abstract Inc_ at the beginning of each month for which coverage is effective.

I understand that this monthly premium amount may change periodically, as MVP's rates are adjusted, and that I will be notified of any increases or decreases.

I have individual/family (circle one) coverage.

_____ I **do not** elect to continue coverage.

___✓___ I **do** elect to continue coverage.


_PATRICIA A. BORDEN-VALENTIN_       _05/24/2005_
Print full name                              Date

_Patricia A. Borden Valentin_       _05/24/2005_
Signature                                    Date



# Arlington Abstract, Inc.

205 South Avenue, Suite 202 • Poughkeepsie, NY 12601

(845) 454-3006
Fax: (845) 454-3501

Representing
**Fidelity National Title Insurance Company**

June 6, 2005

Patricia Borden Valentin
17 Blackthorn Loop
Wappingers Falls, NY 12590

Dear Patty:

This office recently received your Group Health Coverage Continuation Under Cobra Election Form along with your payment in the amount of $36.40 for continuation of MVP Dental Insurance under COBRA. Be advised that Arlington Abstract, Inc. as an employer is only obligated under law to allow for continuation of medical coverage. Dental coverage is optional and Arlington Abstract, Inc. has never offered this option to any of it's former employees. The information that you received indicating you had an option to continue coverage was incorrect.

In accordance with this enclosed please find your premium refund and know that your dental coverage terminated May 31, 2005.

Very truly yours,

NANCEY E. WALKER
President

---

**ARLINGTON ABSTRACT, INC.**
OPERATING ACCOUNT
205 SOUTH AVENUE, SUITE 202
POUGHKEEPSIE, NY 12601
(845) 454-3006

RIVERSIDE BANK   POUGHKEEPSIE, NY 12603

50-1134/219

13289

NUMBER

PAY: **Thirty-six And 40/100 Dollars**************************************************************

| | DATE | AMOUNT |
|---|---|---|
| | 06/07/05 | 36.40 |

TO THE
ORDER
OF

Patricia Borden Valentin

TWO SIGNATURES REQUIRED